IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DANIS FAUSTINO CASTRO-CASTRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-177 (AJT-WPB) |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Danis Faustino Castro Castro's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking release from Immigration and Customs Enforcement ("ICE") custody that began on January 16, 2026 on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA"), his constitutional due process rights, and the INA's implementing regulations. After the Petition was filed, Petitioner filed a consent motion to stay the proceedings pending the completion of a reasonable fear interview with respect to Mexico, which the Court granted. *See* [Doc. Nos. 4, 6]. Following the completion of that interview, which took place on January 23, 2026, [Doc. No. 11], Respondents filed their opposition to the Petition, [Doc. No. 7], to which Petitioner filed a Reply, [Doc. No. 8]. Upon consideration of the filings, and for the reasons stated below, the Petition is GRANTED.

**I.     BACKGROUND**

Petitioner is a 32-year-old noncitizen from El Salvador. [Doc. No. 7-2] ¶ 5. On June 16, 2013, a Customs and Border Protection ("CBP") agent encountered Petitioner near Rio Grande, Texas, who determined that Petitioner unlawfully entered the United States from Mexico without being admitted or paroled by an immigration officer. *Id.* ¶ 6. Petitioner was processed for expedited removal and removed to El Salvador pursuant to 8 U.S.C. § 1225(b)(1). *Id.* ¶ 7. On May 18, 2017, ICE agents encountered Petitioner at the Prince William-Manassas Adult Detention Center in Manassas, Virginia, after Petitioner was arrested for conduct unrelated to this Petition, and issued Petitioner a Form I-871, Notice of Decision to Reinstate

Prior Order as Petitioner entered the United States without inspection after previously having been removed. *Id.* ¶¶ 9–10. On May 19, 2017, Petitioner was transferred to civil immigration custody, and on May 25, 2017, Petitioner claimed fear of returning to El Salvador and requested a Reasonable Fear Interview. *Id.* ¶¶ 11–12. After an asylum officer found that Petitioner had a reasonable fear of removal to El Salvador and referred Petitioner for withholding proceedings, Petitioner filed a Form I-589, Application for Asylum and Withholding of removal, and on November 2, 2017, an Immigration Judge ordered Petitioner removed from the United States and granted Petitioner's application for Withholding of Removal from El Salvador. *Id.* ¶¶ 13–16; [Doc. No. 1] ¶ 33. On December 11, 2017, Petitioner was released from immigration custody on an Order of Supervision. [Doc. No. 7-1] ¶ 17. Petitioner received two convictions for driving under the influence in February 2018 and September 2019, respectively, for which he served sentences. *Id.* ¶¶ 18–19.

On January 16, 2026, Petitioner reported to the ICE Washington Field Office for a scheduled ICE check-in, and was taken into custody, and issued a "Notice of Revocation of Release" of his order of supervision, signed by a "Detention and Deportation Officer." *Id.* ¶¶ 20–21. On January 23, 2026, an asylum officer conducted a third country screening and determined that Petitioner did not establish that it was more likely than not that he would be persecuted or tortured in Mexico. *Id.* ¶ 23. On January 26, 2026, Petitioner was served a notice of third country removal to Mexico. *Id.* ¶ 22. Respondents concede that Mexico has not yet determined "whether to accept Petitioner," but that ICE is "actively working on Petitioner's removal from the United States to Mexico" and Respondents are prepared to send "Petitioner to a staging facility to effectuate Petitioner's removal to Mexico." *Id.* ¶ 25.

## II.   LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.   DISCUSSION

Petitioner contends that (1) his detention violates the INA and his due process rights; (2) the

revocation of his order of supervision violates the INA's implementing regulations and his due process rights; and (3) Petitioner's removal to a Mexico (a third-country not identified on his removal order) without Immigration Judge review of his fear claim violates both the INA's implementing regulations and Petitioner's due process rights. [Doc. No. 1].[1] In opposition, Respondents contend that this Court lacks jurisdiction to review Petitioner's claims, and that Petitioner's detention is lawful because it does not violate Section 1231 or *Zadvydas v. Davis*; that the revocation of Petitioner's Order of Supervision comports with the governing regulations; and that Petitioner is not entitled to Immigration Judge review of his negative fear determination of removal to Mexico. *See* [Doc. No 7].

The Court has recently addressed the issues raised by this Petition in *Benitez Pineda v. Noem*, 1:25-cv-2337 (E.D. Va. Mar. 2, 2026), Dkt. No. 17, in which it found that the revocation of Petitioner's order of supervision failed to comply with the INA's regulations and that Petitioner was entitled as a matter of due process to immigration judge review of the asylum officer's negative fear determination of his removal to Mexico.

For the reasons stated in *Benitez Pineda*, the Court concludes that the January 16, 2026 revocation of Petitioner's order of supervision violates 8 C.F.R. § 241.4(*l*) and the *Accardi* doctrine, which requires an agency to follow its own procedures and regulations. *See Nader v. Blair*, 549 F.3d 953, 962 (4th Cir. 2008) ("[W]hen an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid."). The Notice of Revocation of Petitioner's order of supervision, [Doc. No. 7-3] at 1, dated January 16, 2026 and signed by a detention and deportation officer, fails to make the required finding that the Executive Associate Commissioner could not be involved in the decision due to extenuating circumstances. *See* 8 C.F.R. § 241.4(*l*)(2) (authorizing district director to revoke release where "in the district director's opinion, revocation is in the public interest *and* circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner") (emphasis added). The Notice states that the decision to revoke

---

[1] Because the Court concludes that Respondents violated 8 C.F.R. § 241.4(*l*) in revoking Petitioner's Order of Supervision, the Court does not address Petitioner's due process claim under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*.

Petitioner's order of supervision was "made after a review of [his] official alien file, which determined that there are changed circumstances in [his] case." [Doc. No. 7-3] at 1. No finding was provided as to why revocation of the order of supervision serves the public interest, why circumstances did not reasonably permit referral of the case to the Executive Associate Commissioner, as required by 8 C.F.R. § 241.4(*l*)(2), or what the changed circumstances were. As another Court in this Circuit has concluded, the requirement that a senior official "make the determination to revoke release—that is, to restrict a person's liberty—is not merely a housekeeping requirement" but instead "part of a procedural framework, designed to insure the fair processing of an action affecting an individual, a violation of which can be deemed to be prejudicial and thus to implicate due process." *Santamaria Orellana v. Baker*, No. CV 25-1788-TDC, 2025 WL 2841886, at *5. Moreover, the revocation notice states that Petitioner will be "promptly [] afforded an informal interview," [Doc. No. 7-3] at 1, but there is no indication on the record that any such informal interview pursuant to 8 C.F.R. § 241.4(*l*)(1) has taken place, or that the "normal review process," ordinarily to occur within three months after release is revoked, pursuant to 8 C.F.R. § 241.4(*l*)(3) has been initiated.

As discussed in *Benitez Pineda*, Petitioner is also entitled as a matter of procedural due process to immigration judge review of his negative fear determination as described in the INA's implementing regulations. *See* 8 C.F.R. §§ 208.31, 1208.31.

## IV.    CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Petition be, and the same hereby is, GRANTED; and it is further

**ORDERED** that Petitioner be RELEASED from custody immediately subject to his December 11, 2017 Order of Supervision, which may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.4; and it is further

**ORDERED** that if Petitioner is again detained in compliance with the applicable regulations, Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are ENJOINED from removing Petitioner from this

4

judicial district and the continental United States unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g), of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed to Mexico; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied.

The Clerk is directed to send this Order to all counsel of the record.

March 6, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

5